## NATIONAL LABOR RELATIONS BOARD v. GENERAL SHOE CORPORATION.

### No. 8853.

Circuit Court of Appeals, Fifth Circuit.

Sept. 10, 1938.

Charles Fahy, Gen. Counsel, National Labor Relations Board, and Robert B. Watts, Associate Gen. Counsel, National Labor Relations Board, both of Washington, D. C., for petitioner.

Cecil Sims, of Nashville, Tenn., for respondent.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

The National Labor Relations Board, hereinafter referred to as the Board, pursuant to the authority conferred upon it by an Act of Congress approved July 5, 1935 (49 Stat. 449, c. 372, 29 U.S.C. sec. 151 et seq., 29 U.S.C.A. § 151 et seq.), having filed its petition on June 27, 1938, for the enforcement of a certain order issued by the Board in a proceeding by it against respondent, General Shoe Corporation, said proceeding being known upon the records of the Board as Case No. C–277,

the title thereof being "In the Matter of General Shoe Corporation and Georgia Federation of Labor," and the respondent, General Shoe Corporation, having filed its answer to such petition on August 1, 1938.

It is hereby ordered, adjudged, and decreed, by consent of the parties hereto, that the order of the National Labor Relations Board dated March 15, 1938, in the said proceeding is hereby modified to read as follows:

Upon the basis of the findings of fact and conclusions of law, and pursuant to Section 10(c) of the National Labor Relations Act [29 U.S.C.A. § 160(c)], the National Labor Relations Board hereby orders that the respondent, General Shoe Corporation, Nashville, Tennessee, and its officers, agents, successors, and assigns, shall:

1. Cease and desist:

(a) From in any manner discouraging membership in any labor organization of its employees, by discharging, refusing to reinstate, or otherwise discriminating against its employees in regard to hire or tenure of employment or any term or condition of employment;

(b) From in any manner dominating or interfering with the administration of Shoemakers' Association or any other labor organization of its employees, and from contributing support to Shoemakers' Association or to any other labor organization of its employees;

(c) From in any other manner interfering with, restraining, or coercing its employees in the exercise of their rights to self-organization to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, or to engage in concerted activities for the purpose of collective bargaining and other mutual aid and protection, as guaranteed in Section 7 of the National Labor Relations Act [29 U.S. C.A. § 157].

2. Take the following action which the Board finds will effectuate the policies of the Act:

(a) Instruct all of its employees that physical assaults and other acts of intimidation and coercion of employees shall not be permitted in the plant during working hours;

(b) Immediately post notices in conspicuous places throughout its Atlanta, Georgia, plant and maintain such notices for a period of thirty (30) consecutive days, stating (1) that the respondent will cease and desist as aforesaid, (2) that physical assaults and other acts of intimidation and coercion of employees will not be permitted in the plant during working hours;

(c) Notify the Regional Director for the Tenth Region in writing within thirty (30) days from the date of this Order what steps the respondent has taken to comply herewith;

And it is further ordered that the complaint, in so far as it alleges that the respondent discharged Albert Wilson, John H. Pickins, Redell Steadman, B. H. Livingston, and Frances Gary, be and it hereby is dismissed.

It is understood and agreed that the respondent has heretofore complied with Section 2(a) of the Board's order of March 15, 1938, by offering reinstatement to Charles T. Mitchell, L. W. Griffith, C. C. Finley, T. W. Allums, Louvenia Mitchell, Ruby Moss, and Thomas W. Bebe and by affording them reasonable protection from violence during working hours.

And it is further ordered, adjudged, and decreed, by consent of the parties hereto, that the order of the National Labor Relations Board dated March 15, 1938, in the above-entitled matter, as so modified, is affirmed and enforced.